UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHARA INC.,

       Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A TO THE COMPLAINT,

       Defendants.

Civil Action No. 26-cv-04692

## [PROPOSED] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

The Court has considered Plaintiff's *ex parte* application (the "Application"), including the declaration submitted in support of the Application, as well as all other papers filed in support of the Application, for the following relief:

(1) a temporary restraining order against defendants (as described in Schedule A attached to the Complaint ("Defendants"), which shall also be attached hereto), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of infringing products (the "Infringing Products") infringing upon Plaintiff's trademark rights, specifically Plaintiff Khara Inc.'s rights and interests in U.S. Trademark Registration Nos. 2, 923,657; 6,193,482; 6,166,928 and 6,187,814 (the "NEON GENESIS EVANGELION Marks");

(2) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

1

(3) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, as well as of Defendants' financial accounts; and

(4) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application.

Based on the papers and other evidence submitted in support of the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.      Plaintiff is likely to prevail on its trademark infringement claims at trial.

2.      As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. For example:

   a. Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately infringed Plaintiff's NEON GENESIS EVANGELION Marks  in connection with the systematic advertisement, distribution, offering for sale, and sale of Infringing Products into the United States, including within this judicial district, over the Internet through accounts with online marketplace platforms including Amazon, Pay Pal, Shop Pay, Amazon, and other platform accounts held by Defendants (the "User Account(s)").

   b. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and,

in particular, the reputation and goodwill related to NEON GENESIS EVANGELION Marks.

c.  Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3.     On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with NEON GENESIS EVANGELION Marks  if a temporary restraining order is not issued.

4.     Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Defendants' addresses are unknown or unverifiable despite Plaintiff's due diligence.

5.     If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset restraining order. It typically takes banks and other financial institutions (including those defined below as the

"Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the User Accounts, and service on Defendants should not take place until such actions are completed.

6.      Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Infringing Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

## Temporary Restraints

1.      As sufficient causes have been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

   a.   manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

   b.   manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the NEON GENESIS EVANGELION Marks, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

c.     destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d.     using the NEON GENESIS EVANGELION Marks on or in connection with any Seller Alias that any Defendant may own, operate, or control on any Marketplace;

e.     any and all use of the NEON GENESIS EVANGELION Marks as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and

f.     altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace during the pendency of this action, or until further Order of the Court.

**Temporary Asset Restraint**

2.     Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, within five (5) days of receipt of service of this Order, the following Financial Institutions: (i) PayPal, Inc. ("PayPal") (ii) Payoneer, Inc. ("Payoneer"), (iii) Ping Pong Global Solutions, Inc. ("Ping Pong"), and (iv) Amazon.com, Inc. ("Amazon") (collectively referred to as the "Financial Institutions") and domain registrars shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to

5

Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions and domain registrars shall provide written confirmation of their compliance with the foregoing to Plaintiff.

## Expedited Discovery

3.      As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions and domain registrars shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' and domain registrars' possession, custody, or control):

a.      Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution.

b.      Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

c.      Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4.      As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

a.      Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26 and 33, and 34 of the Federal Rules of Civil Procedure

as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel.

### Service by Electronic Mail and/or Electronic Publication

5.      Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Complaint and other relevant documents may be made on, and shall be deemed effective as to, each of the enumerated Defendants if it is completed by the following means:

Delivery of: (i) PDF copies of this Order together with the Complaint and other relevant documents; and (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Complaint and other relevant documents, and all papers filed in support of Plaintiff's Application (the "Link"), to Defendants' e-mail addresses as provided by the Financial Institutions and domain registrars, or to the Financial Institutions and domain registrars for forwarding to Defendants if the Financial Institutions and domain registrars are unable to provide e-mail addresses directly to Plaintiff.

6.      Such alternative service, as set forth above, shall be made within two (2) three (3) days of the Financial Institutions' and domain registrars' compliance with Paragraphs 2 through 4 of this Order.

7.      The Clerk of Court is directed to issue a single original summons in the name of "The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A To The Complaint" that shall apply to all Defendants.

### Security Bond

8.      Plaintiff shall deposit with the Court Five Thousand ($5,000) One Thousand, Five Hundred Dollars ($1,500.00, either cash, cashier's check or surety bond, as security, which amount

7

was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

## Sealing Order

9.      Plaintiff's Schedule A, attached to the Complaint, Plaintiff's unredacted version of the Complaint, Exhibit 2 showing the Seller Aliases' infringement, and Exhibit 1 to the Mu Declaration showing Plaintiff's efforts to verify Defendants' addresses, shall be sealed and remain sealed until the Defendants' Accounts and the Defendants' Assets are restrained.

10.      Plaintiff shall file unsealed versions of Plaintiff's Schedule A attached to the Complaint, Plaintiff's unredacted version of the Complaint, Exhibit 2 showing the Defendants' Seller Aliases' alleged infringement, and Exhibit 1 to the Mu Declaration showing Plaintiff's efforts to verify Defendants' addresses using the CM/ECF system prior to the expiration of this Order when Financial Institutions and domain registrars have confirmed that Defendants' funds have been frozen and Plaintiff has properly served Defendants with the Summons and the Complaint, whichever comes later.

## Application to Vacate or Dissolve:

11.      Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on June 23, 2026 at 11:00 a.m. in which Plaintiff may present its arguments in support of its request for issuance of a preliminary injunction. At such time, any Defendants may also be heard in opposition to Plaintiff's Application.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before June 22, 2026, at 10:00 a.m.

**IT IS FURTHER ORDERED** that reply papers, if any, shall be filed and served on or before June 22, 2026, at 5:00 p.m.

8

This Temporary Restraining Order without notice is entered at 1:00 p.m. on June 9, 2026, and shall remain in effect for fourteen (14) days.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE